UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNY MIAH,

        Plaintiff

v.

BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC,
THE BUREAUS, INC, and SENTRY CREDIT INC,

        Defendants.
_____/

**FIRST AMENDED COMPLAINT**
Case No.: 1:18-cv-01595-LDH-SMG
Request for Jury Trial

Plaintiff, Anny Miah ("Plaintiff"), by and through her attorney, Subhan Tariq, Esq., as and for her Amended Complaint against the Defendants, Bureaus Investment Group Portfolio No. 15, LLC, The Bureaus Inc, and Sentry Credit Inc, (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

1

## PARTIES

5. Plaintiff Anny Miah resides in Queens, New York.

6. Defendant Bureaus Investment Group Portfolio No. 15, LLC, (hereinafter referred to as "Bureaus Investment Group" or "BIG") is a company engaged in the business of collecting debts with a principal place of business located at 650 Dundee Rd, Suite 370, Northbrook, IL 60062-2757.

7. Defendant The Bureaus Inc, (hereinafter referred to as "TBI") is a company engaged in the business of collecting debts with a principal place of business located at 650 Dundee Rd, Suite 370, Northbrook, IL 60062-2757.

8. Defendant Sentry Credit Inc, (hereinafter referred to as "Sentry") is a company engaged in the business of collecting debts with a principal place of business located at 2809 Grand Ave, Everett, WA 98201-3417.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

10. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Defendant TBI began reporting an alleged debt on the Plaintiff's consumer credit report beginning on November 1, 2014.

13. Defendant Bureaus Investment Group owns the Plaintiff's account and Defendant Sentry is servicing and collecting on the account on behalf of Defendant Bureaus Investment Group.

14. On December 4, 2017, Plaintiff called Defendant TBI to obtain information about her account.

15. Upon answering the Plaintiff's call, the automated message stated: "You have reached The Bureaus Incorporated."

16. Once the Plaintiff entered her social security number and her account was located, the operator automatically transferred Plaintiff to Defendant, Sentry Credit Inc.

17. Defendant Sentry informed Plaintiff that it was collecting and hired on behalf of Defendant Bureaus Investment Group, thus establishing an agency relationship.

18. Plaintiff informed the Defendant, Sentry Credit Inc that she had already paid the alleged debt, therefore, there should be no balance.

19. Plaintiff then proceeded to repeatedly attempt to dispute the alleged debt with Defendant Sentry.

20. Defendant Sentry refused to grant the Plaintiff's request to dispute her account, despite the Plaintiff's repeated requests to do so.

21. Defendant Sentry informed the Plaintiff it did not own the account and were simply collecting for Defendant Bureaus Investment Group, further cementing the agency relationship.

22. Defendant Sentry's Representative informed the Plaintiff that she needed to send proof of payment in order to be able to dispute her account.

23. Furthermore, Defendant Sentry's Representative also informed the Plaintiff that it could not take dispute over the phone.

24. Defendant Sentry informed the Plaintiff that it did not accept verbal disputes.

## CAUSES OF ACTION

## 15 U.S.C. §1692e and 15 U.S.C. §1692f

## Refusal to Take a Verbal Dispute

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

27. Defendants are in violation of 15 U.S.C. §1692e – preface by refusing to grant the Plaintiff's request to dispute her account, despite the Plaintiff's repeated requests to do so, by stating to the Plaintiff that she needed to send proof of payment in order to be able to dispute her account, and by stating to the Plaintiff that it could not take a verbal dispute over the phone.

28. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

29. Defendants are in violation of 15 U.S.C. §1692e(8) by refusing to grant the Plaintiff's request to dispute her account, despite the Plaintiff's repeated requests to do so, by stating to the Plaintiff that she needed to send proof of payment in order to be able to dispute her

account, and by stating to the Plaintiff that it could not take a verbal dispute over the phone.

30. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

31. Defendants are in violation of 15 U.S.C. §1692e(10) by refusing to grant the Plaintiff's request to dispute her account, despite the Plaintiff's repeated requests to do so, by stating to the Plaintiff that she needed to send proof of payment in order to be able to dispute her account, and by stating to the Plaintiff that it could not take a verbal dispute over the phone.

32. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

33. Defendants are in violation of 15 U.S.C. § 1692f – preface by refusing to grant the Plaintiff's request to dispute her account, despite the Plaintiff's repeated requests to do so, by stating to the Plaintiff that she needed to send proof of payment in order to be able to dispute her account, and by stating to the Plaintiff that it could not take a verbal dispute over the phone.

34. As a result of Defendants' violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendants' practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: May 2, 2018

        Respectfully submitted,

        __s/Subhan Tariq_____
        Subhan Tariq, Esq.
        Attorney I.D.# ST9597
        The Tariq Law Firm, PLLC
        **Attorney for Plaintiff**
        68 Jay Street – Suite 201
        Brooklyn, NY 11201
        Telephone: (718) 674-1245
        Facsimile: (516) 453-0490
        Email: subhan@tariqlaw.com

To:

Bureaus Investment Group Portfolio No. 15, LLC
650 Dundee Rd, Suite 370
Northbrook, IL 60062-2757
(*via Prescribed Service*)

The Bureaus Inc
650 Dundee Rd, Suite 370
Northbrook, IL 60062-2757
(*via Prescribed Service*)

Sentry Credit Inc
2809 Grand Ave
Everett, WA 98201-3417
(*via Prescribed Service*)

6

Clerk of the Court,
United States District Court
Eastern District of New York
255 Cadman Plaza E.
Brooklyn, NY 11201

(*For Filing Purposes*)