# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ANNY MIAH,

                Plaintiff,

        vs.

BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC, THE BUREAUS,
INC, and SENTRY CREDIT INC,

                Defendants.

-----------------------------------------------------------X

**Case No.:1:18-cv-01595-LDH-SMG**

## THE BUREAUS, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

Defendant THE BUREAUS, INC. ("Defendant TBI") hereby responds on behalf of itself, and no other, to the First Amended Complaint ("FAC") of Plaintiff ANNY MIAH ("Plaintiff") as follows:

1.      Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant TBI generally denies each and every allegation contained in the FAC except those expressly admitted below.

2.      Defendant TBI denies the allegations contained in paragraph 7 of the FAC, except admits a principal place of business located at 650 Dundee Road, Suite 370, Northbrook, IL 60062-275.

3.      Defendant TBI denies the allegations contained in paragraph 14 of the FAC, except admits that Plaintiff called Defendant TBI on December 4, 2017.

## PRAYER FOR RELIEF

Defendant TBI denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's FDCPA claims are barred as against Defendant TBI by

15 USCS § 1692k(c).

2.      Plaintiff lacks standing to assert the claims in the FAC because Plaintiff has not been harmed or suffered "injury-in-fact" by the alleged conduct at issue regardless of whether Plaintiff seeks statutory or actual damages.

3.      Plaintiff's claims may be barred against Defendant TBI due to a contractual arbitration clause.

4.      Plaintiff's FAC is barred due to her failure to exhaust her administrative remedies.

5.      Defendant TBI alleges upon information and belief that any damages alleged to be sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant TBI.

6.      The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate damages is a bar to recovery under the FAC.

7.      The FAC and each of its purported claims for relief are barred by the doctrine of estoppel.

8.      The FAC and each of its purported claims for relief are barred by the doctrine of laches.

9.      The FAC and each of its purported claims for relief are barred by the doctrine of waiver.

10.     Defendant TBI alleges that at all times it acted in good faith and with good cause. The conduct of Defendant TBI was within the reasonable expectations of the parties and was reasonably related to Defendant TBI's legitimate business interests upon the basis of reasonable factors.

11.     Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons

over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

12.     The FAC fails to state facts sufficient to constitute a cause of action against Defendant TBI relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant TBI.

13.     Defendant TBI alleges that the FAC does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant TBI therefore reserves the right to assert all defenses that may pertain to the FAC as the facts of the case are discovered.

**WHEREFORE**, Defendant TBI prays as follows:

1.     Plaintiff takes nothing by way her FAC herein and that this action is dismissed in its entirety;

2.     For Defendant TBI's attorney's fees and costs incurred herein;

3.     For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendant TBI demands a trial by jury in this action.

Dated:  New York, New York
July 25, 2018

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

/s/ *Robert Modica*
Robert Modica, Esq.
1 Battery Park Plaza
New York, New York 10004
T: (212) 269-5500
F: (212) 269-5505
rmodica@grsm.com
*Attorneys for Defendant*
*THE BUREAUS, INC.*

Via ECF:

Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
68 Jay Street, Suite 201
Brooklyn, NY 11201
T: (718) 674-1245
F: (516) 453-0490
subhan@tariqlaw.com
*Attorneys for Plaintiff*