UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANNY MIAH,

                Plaintiff,

   vs.

BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC, THE BUREAUS,
INC, and SENTRY CREDIT INC,

                Defendants.

---------------------------------------------------------------X

Case No.:1:18-cv-01595-LDH-SMG

**BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC'S ANSWER AND DEMAND FOR JURY TRIAL**

    Defendant BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC ("Defendant BIG15") hereby responds on behalf of itself, and no other, to the First Amended Complaint ("FAC") of Plaintiff ANNY MIAH ("Plaintiff") as follows:

    1.    Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant BIG15 generally denies each and every allegation contained in the FAC except those expressly admitted below.

    2.    Defendant BIG15 denies the allegations contained in paragraph 6 of the FAC, except admits a principal place of business located at 650 Dundee Rd, Suite 370, Northbrook, IL 60062-2757.

    3.    Defendant BIG15 denies the allegations contained in paragraph 13 of the FAC, except admits that it owns Plaintiff's account.

**PRAYER FOR RELIEF**

    Defendant BIG15 denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's FDCPA claims are barred as against Defendant BIG15 by 15 USCS § 1692k(c).

2. Plaintiff lacks standing to assert the claims in the FAC because Plaintiff has not been harmed or suffered "injury-in-fact" by the alleged conduct at issue regardless of whether Plaintiff seeks statutory or actual damages.

3. Plaintiff's claims may be barred against Defendant BIG15 due to a contractual arbitration clause.

4. Plaintiff's FAC is barred due to her failure to exhaust her administrative remedies.

5. Defendant BIG15 alleges upon information and belief that any damages alleged to be sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant BIG15.

6. The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiff's failure to mitigate damages is a bar to recovery under the FAC.

7. The FAC and each of its purported claims for relief are barred by the doctrine of estoppel.

8. The FAC and each of its purported claims for relief are barred by the doctrine of laches.

9. The FAC and each of its purported claims for relief are barred by the doctrine of waiver.

10. Defendant BIG15 alleges that at all times it acted in good faith and with good cause. The conduct of Defendant BIG15 was within the reasonable expectations of the parties and was reasonably related to Defendant BIG15's legitimate business interests upon the basis of reasonable factors.

11. Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

12. The FAC fails to state facts sufficient to constitute a cause of action against Defendant BIG15 relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant BIG15.

13. Defendant BIG15 alleges that the FAC does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant BIG15 therefore reserves the right to assert all defenses that may pertain to the FAC as the facts of the case are discovered.

**WHEREFORE**, Defendant BIG15 prays as follows:

1. Plaintiff takes nothing by way her FAC herein and that this action is dismissed in its entirety;

2. For Defendant BIG15's attorney's fees and costs incurred herein;

3. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendant BG15 demands a trial by jury in this action.

Dated: New York, New York
July 25, 2018

                                          Respectfully Submitted,

                                        GORDON REES SCULLY
                                        MANSUKHANI, LLP

                                        /s/ *Robert Modica*
                                        Robert Modica, Esq.
                                        1 Battery Park Plaza
                                        New York, New York 10004
                                        T: (212) 269-5500
                                        F: (212) 269-5505
                                        rmodica@grsm.com
                                        *Attorneys for Defendant*
                                        *BUREAUS INVESTMENT GROUP*
                                        *PORTFOLIO NO. 15, LLC*

Via ECF:
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
68 Jay Street, Suite 201
Brooklyn, NY 11201
T: (718) 674-1245
F: (516) 453-0490
subhan@tariqlaw.com
*Attorneys for Plaintiff*