UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ANNY MIAH,

                Plaintiff,

vs.

BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC, THE BUREAUS,
INC, and SENTRY CREDIT INC,

                Defendants.

-------------------------------------------------------------X

Case No.:1:18-cv-01595-LDH-SMG

**SENTRY CREDIT, INC'S ANSWER AND DEMAND FOR JURY TRIAL**

Defendant SENTRY CREDIT, INC ("Defendant Sentry") hereby responds on behalf of itself, and no other, to the First Amended Complaint ("FAC") of Plaintiff ANNY MIAH ("Plaintiff") as follows:

1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant Sentry generally denies each and every allegation contained in the complaint except those expressly admitted below.

2. Defendant Sentry admits the allegations contained in paragraph 13 of the FAC.

3. Defendant Sentry denies the allegations contained in paragraph 8 of the FAC, except admits Sentry has a principal place of business located at 2809 Grand Avenue, Everett, WA 98201-3417.

4. Defendant Sentry denies the allegations contained in paragraph 17 of the FAC, except admits that Defendant Sentry informed Plaintiff that it was collecting and hired on behalf of Defendant Bureaus Investment Group.

5. Defendant Sentry denies the allegations of paragraphs 21 of the FAC, except admits that Defendant Sentry informed the Plaintiff that it did not own the account and was

collecting on behalf of Bureaus Investment Group Portfolio No. 15, LLC.

## PRAYER FOR RELIEF

Defendant Sentry denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's FDCPA claims are barred as against Defendant Sentry by 15 USCS § 1692k(c).

2. Plaintiff lacks standing to assert the claims in the FAC because Plaintiff has not been harmed or suffered "injury-in-fact" by the alleged conduct at issue regardless of whether Plaintiff seeks statutory or actual damages.

3. Plaintiff's claims may be barred against Defendant Sentry due to a contractual arbitration clause.

4. Plaintiff's FAC is barred due to her failure to exhaust her administrative remedies.

5. Defendant Sentry alleges upon information and belief that any damages alleged to be sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant Sentry.

6. The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiff's failure to mitigate damages is a bar to recovery under the FAC.

7. The FAC and each of its purported claims for relief are barred by the doctrine of estoppel.

8. The FAC and each of its purported claims for relief are barred by the doctrine of laches.

9. The FAC and each of its purported claims for relief are barred by the doctrine of waiver.

10. Defendant Sentry alleges that at all times it acted in good faith and with good cause. The conduct of Defendant Sentry was within the reasonable expectations of the parties and was reasonably related to Defendant Sentry's legitimate business interests upon the basis of reasonable factors.

11. Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

12. The FAC fails to state facts sufficient to constitute a cause of action against Defendant Sentry relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant Sentry.

13. Defendant Sentry alleges that the FAC does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant Sentry therefore reserves the right to assert all defenses that may pertain to the FAC as the facts of the case are discovered.

**WHEREFORE**, Defendant Sentry prays as follows:

1. Plaintiff takes nothing by way her FAC herein and that this action is dismissed in its entirety;

2. For Defendant's attorney's fees and costs incurred herein;

3. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendant demands a trial by jury in this action.

Dated: New York, New York
July 25, 2018

>Respectfully Submitted,
>
>GORDON REES SCULLY
>MANSUKHANI, LLP
>
>By:*/s/ Robert Modica*
>Robert Modica, Esq.
>1 Battery Park Plaza
>New York, New York 10004
>T: (212) 269-5500
>F: (212) 269-5505
>rmodica@grsm.com
>*Attorneys for Defendant*
>*SENTRY CREDIT, INC.*

Via ECF:
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
68 Jay Street, Suite 201
Brooklyn, NY 11201
T: (718) 674-1245
F: (516) 453-0490
subhan@tariqlaw.com
*Attorneys for Plaintiff*